IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

OCT - 6 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

EARLINE DAVIS,

      Plaintiff,

v.

      CIVIL ACTION NO. 2:09cv506

MICHAEL J. ASTRUE,
Commissioner of Social Security

      Defendant.

## *ORDER*

This matter is currently before the Court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation.

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the decision of the Commissioner of Social Security, denying Plaintiff's claims for a period of disability and disability insurance benefits ("DIB"), pursuant to Sections 416(i) and 423(d) of the Social Security Act. 42 U.S.C. §§ 416(i), 423(d) (2006). On December 18, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B), this Court entered an order designating United States Magistrate Judge Tommy E. Miller ("Magistrate Judge Miller") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter. On July 21, 2010, Magistrate Judge Miller filed his Report and Recommendation ("Report"), in which he recommended that the Plaintiff's Motion for Summary Judgment be **DENIED**; that Defendant's Motion for Summary Judgment be **GRANTED**; that the final decision of the

1

Commissioner be **AFFIRMED**; and that Judgment be entered in favor of the Commissioner. The Report also advised the parties of their right to file written objections to the findings and recommendations made by the Magistrate Judge. The clerk mailed all of the parties copies of the Report. On August 4, 2010, Plaintiff filed an Objection to the Magistrate Judge's Report. On August 11, 2010, Defendant filed a Response to Plaintiff's Objection. This matter is now ripe for disposition by the Court.

When considering a party's objections to the findings and recommendations of the Magistrate Judge, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the Magistrate Judge], if objected to, are subject to final *de novo* determination on such objections by a district judge, thus satisfying the requirements of Article III."). Under de novo review, "the magistrate judge's report and recommendation carries no presumptive weight, and the district court may accept, reject or modify the report, in whole or in part, and may recommit the matter to the magistrate judge with instructions." *Halloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.").

This Court has carefully and independently reviewed the record in this case and Plaintiff's objection to the Report. Having done so, the Court finds that there are no meritorious reasons to sustain Plaintiff's objection.

Plaintiff objects to the Magistrate Judge's finding that the medical source opinion of

2

Plaintiff's treating physician was properly rejected by the Administrative Law Judge ("ALJ"). Specifically, Plaintiff asserts that a treating physician's retrospective assessment of a claimant's disability should not be rejected where the physician had knowledge of the claimant's condition prior to the date last insured ("DLI"). A Court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (citations omitted).

Under the "attending physicians rule," the medical opinion of a claimant's treating physician should be given "great weight" and "may be disregarded only if there is persuasive contradictory evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Accordingly, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590; *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) ("[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.").

On June 15, 2009, Plaintiff's attending physician, Dr. Hinsing Steven Choi ("Dr. Choi"), wrote a letter indicating that Plaintiff began suffering from lower back and hip pain around February 2000 and, in subsequent years, she has had a "progressive relapsing course of back pain requiring intermittent doses of motrin for suppression." R. at 354. Dr. Choi opined that Plaintiff

3

was "only capable of light manual sedentary work for years prior to [the DLI] due to her mechanical back pain." *Id.* Notwithstanding the fact that Dr. Choi had served as Plaintiff's attending physician since 1997, the ALJ afforded no weight to Dr. Choi's June 2009 assessment after determining that it was inconsistent with his previous treatment records, which indicated only conservative treatment for back pain. R. at 14. The record also reflected that two doctors, Dr. Michael Cole and Dr. Patricia Staehr, found no evidence in the record prior to Plaintiff's DLI which prevented her from engaging in work or normal activities. R. at 14.

As Magistrate Judge Miller noted in his Report, the ALJ's determination was supported by substantial evidence in the record. Several of Dr. Choi's previous medical assessments indicated that Plaintiff suffered from mild, if any, neck or lower back pain. *See* R. at 172-78, 181, 202, 208. Thus, applying the standard set forth in *Craig*, 76 F.3d 585, substantial evidence supported the ALJ's finding that Dr. Choi's June 2009 letter was inconsistent with other evidence in the record, and thus, was entitled to significantly less weight. Therefore, Magistrate Judge Miller correctly determined that the ALJ's decision was supported by substantial evidence. Plaintiff's objection is without merit and is overruled.

Accordingly, the Court finds that the Plaintiff has raised no grounds warranting this Court's departure from the recommendations as stated in Magistrate Judge Miller's Report.

After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed July 21, 2010. Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the

4

Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

_/s/_

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
October ___ , 2010